UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Michael Kapsouris, | ) | CASE NO.: 4:09CV597 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| Bennie Kelly, Warden, | ) | **ORDER AND DECISION** |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter appears before the Court on objections to the Report and Recommendation of the Magistrate Judge filed by Petitioner Michael Kapsouris.  Upon due consideration, the Court overrules the objections and adopts the Report and recommended findings and conclusions of the Magistrate Judge and incorporates them herein.  Therefore, it is ordered that the petition is hereby DENIED.

### I.    Introduction

In 2002, Kapsouris was convicted of armed robbery and felonious assault.  As a result, he is currently serving a thirteen year prison sentence.  Kapsouris was initially sentenced in 2002, was resentenced in 2006, and was resentenced a second time in 2007.  After exhausting his state court remedies, Kapsouris filed the instant petition on March 19, 2009.  The petition contains only one ground for relief, asserting that the remedy chosen by the Ohio Supreme Court in *State v. Foster*, 109 Ohio St.3d 1 (2006) violates the Ex Post Facto and Due Process Clauses of the

Constitution.

On February 25, 2010, the Magistrate Judge issued his Report and Recommendation, asserting that the sole ground for relief did not warrant granting the petition.  On March 4, 2010, Kapsouris objected to the Report.  Kapsouris' objections are two-fold.  First, Kapsouris reasserts his argument regarding *Foster*.  Second, Kapsouris contends that the Magistrate Judge failed to address his argument that the *Foster* remedy was not analogous to the remedy utilized in *United States v. Booker*, 543 U.S. 220 (2005).  The Court finds no merit in these objections.

**II.     Legal Analysis**

1. Due Process and Ex Post Facto

This Court has previously rejected the precise arguments raised by Kapsouris in his objections related to Ground One in the petition.  *See Watkins v. Williams*, Case No. 3:07CV1296, 2008 WL 2484188 (N.D.Ohio June 17, 2008).  In *Watkins*, this Court concluded that the retroactive application of *Foster* was not an unreasonable application of *Bouie v. City of Columbia*, 378 U.S. 347 (1964) or *Rogers v. Tennessee*, 532 U.S. 451, 459 (2001).  *See id* at *2-3.  In so holding, this Court noted that several other Judges within this district had reached the same conclusion.  *Id.* at *4 (citing *McGhee v. Konteh*, Case No. 1:07CV1408, 2008 WL 320763 (N.D.Ohio Feb. 1, 2008); *Lyles v. Jeffreys*, Case No. 3:07CV1315, 2008 WL 1886077 (N.D.Ohio Apr. 24, 2008)).  The Court finds no reason to restate its reasoning herein.  The Court fully adopts its prior reasoning in *Watkins*, and finds no merit in Kapsouris' objections with respect to Ground One.

2. *Booker*

While Kapsouris contends that the Magistrate Judge failed to address his argument that *Foster* and *Booker* are not analogous, the Court finds no merit to such an argument.  As noted

above, the Magistrate Judge correctly concluded that the *Foster* remedy did not violate the Constitution. No further discussion was necessary. As such, the remaining objection is overruled.

### III. Conclusion

Having found no merit to the objections raised by Kapsouris, the Court ADOPTS the Magistrate Judge's Report in its entirety. The Petition is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.


March 9, 2010                              */s/ John R. Adams*
                                           JUDGE JOHN R. ADAMS
                                           UNITED STATES DISTRICT JUDGE